Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA PETERSON, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CREDIT CORP SOLUTIONS INC., and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> **(1) Federal Fair Debt Collection Practices Act [15 U.S.C. § 1692 et seq.]** <br><br> **(2) Rosenthal Fair Debt Collection Practices Act [Cal. Civ. § 1788 et seq.]** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, ERIKA PETERSON ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this action against Defendant, CREDIT CORP SOLUTIONS INC. ("Defendant"), alleging the following upon information and belief based upon personal knowledge:

**CLASS ACTION COMPLAINT**
-1-

# INTRODUCTION

1. Plaintiff brings this action, individually and on behalf of all others similarly situated, for Defendant's use of deceptive means in connection with collection of alleged debts in violation of both the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

# JURISDICTION & VENUE

2. This Court has original jurisdiction over this matter because it arises under the laws of the United States. Therefore, Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Furthermore, this Court has supplemental jurisdiction over Plaintiff's RFDCPA claim, insofar as it arises under the same facts, pursuant to 28 U.S.C. § 1367(a).

3. A substantial part of the events giving rise to this action occurred in the County of Fresno, California. Venue is therefore proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2).

# PARTIES

4. Plaintiff is a natural person residing in Fresno County, California who allegedly owed or owes a debt and is thereby a "consumer" and a "debtor" under

the FDCPA, 15 U.S.C. § 1692a(3) and the RFDCPA, Cal. Civ. Code § 1788.2(h), respectively.

5. At all relevant times herein, Defendant was a company engaged, by use of mail, in the business of collecting a debt from Plaintiff and others which qualifies as a "debt" and a "consumer debt" under the FDCPA, 15 U.S.C. § 1692a(5) and the RFDCPA, Cal. Civ. Code § 1788.2(f), respectively. Defendant regularly attempts to collect debts alleged to be due them or another, and therefore is a "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6) and the RFDCPA, Cal. Civ. Code § 1788.2(c).

6. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or

employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. Within one year preceding the filing of this complaint, Defendant contacted Plaintiff regarding an alleged debt.

9. On or around November 22, 2016, Defendant sent a letter to Plaintiff in an attempt to collect an alleged debt originally owed to a third party in the amount of $1,303.65.

10. In the letter, Defendant stated that ". . .your account has been referred to our Pre-Legal Department," thereby implying that legal action has been or will be taken in connection with collection on the alleged debt.

11. In the same letter, Defendant stated that Plaintiff's alleged debt will be referred to an attorney unless Plaintiff pays the debt in full, but then Defendant instructed Plaintiff to contact its "Pre-Legal Department"; however, Defendant also stated that Defendant is not an attorney. Such statements are confusing and give debtors and consumer such as Plaintiff the impression that Defendant is both an authority on the law and not an attorney.

12. Furthermore, Defendant stated that Plaintiff's debt ". . .meets [Defendant's] legal referral criteria and is eligible to be referred to an attorney".

Such ominous and vague statements give the impression that Defendant has rights to the debt when such statements are misleading.

13. Defendant made misrepresentations as to the nature of the alleged debt, legal status of the alleged debt, and services rendered in connection with collection on the alleged debt, among other material misrepresentations.

14. Defendant stated that the alleged debt meets requirements for legal action and then went on to imply that services are or will be rendered on behalf of Plaintiff for which Plaintiff will be responsible.

15. Defendant represented in the letter that Plaintiff was legally obligated to pay the debt.

16. All of Defendant's representations made in the letter were made in connection with collection on the alleged debt.

17. Defendant's letter and subsequent actions lead Plaintiff to feel confused as to the legal status of the debt, Defendant's rights thereto, and Plaintiff's obligations.

18. Furthermore, Defendant stated in the letter "[i]f you are unable to make the full payment. . .you should contact out Pre-Legal Department immediately," thereby giving Plaintiff the impression that full payment of the alleged debt is unnecessary and that Defendant is amenable to a payment plan. However, upon contacting Defendant as instructed, Defendant's so-called "Pre-

Legal Department" told Plaintiff that it would make no payment arrangement with Plaintiff and that Plaintiff must either pay the entire alleged debt or Defendant will take legal action. Therefore, Defendant patently, blatantly, bold-facedly, and unequivocally misrepresented its intentions in its November 22, 2016 collection letter to Plaintiff and thereby deceived and misled Plaintiff.

19. As a result, and Plaintiff feels deceived, anxious, and harassed.

## CLASS ALLEGATIONS

20. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class ("The Class") defined as follows:

> All persons in the United States whom Defendant tried to contact via mail in an effort to collect an alleged debt within one (1) year of filing this complaint wherein Defendant made representations that it the debt will be sent to an attorney for a lawsuit unless the debt is paid.

21. Specifically excluded from the proposed Class are Defendant; any entities in which Defendant has a controlling interest; and the employees, officers, directors, affiliates, legal representatives, subsidiaries, and affiliates of Defendant. The Class' claims are based on the FDCPA and RFDCPA.

22. This action is brought and may be properly maintained as a class action. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

23. Plaintiff and members of The Class were harmed in the same way,

namely the following: they were mislead by Defendant with respect to the character and nature of the alleged debts and Defendant's rights with respect thereto, and they all felt harassed, annoyed, or anxious as a result of Defendant's conduct.

24. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

25. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether Defendant misrepresented the character or legal status of debts;

    b. Whether Defendant threatened legal action that it could not take or had not intention on taking;

    c. Whether Defendant used deceptive means in connection with the collection of debts; and

    d. The nature and extent of damages and other remedies to which the conduct of Defendant entitles The Class members.

26. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to statutory damages up to $1,000.00 in addition to actual damages and reasonable attorneys' fees and costs pursuant to the FDCPA and RFDCPA.

27. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

28. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

29. The prosecution of separate actions by thousands of individual Class members would also create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper disclosures which Defendant must provide to all Class members when attempting to collect alleged debts.

30. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

31. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of The Class as a whole.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.
**(By Plaintiff and The Class)**

32. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

33. A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection

with the collection of a debt. 15 U.S.C. § 1692d. By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

34. A debt collector may not falsely represent the character, amount or legal status of any debt in connection with the collection of any debt. 15 U.S.C. § 1692e(2)(A). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

35. A debt collector may not falsely represent services rendered or compensation which may be lawfully received for collection on the debt. 15 U.S.C. § 1692e(2)(B). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

36. A debt collector may not unlawfully represent, or represent without intent to follow through, that nonpayment of any debt will result in the arrest or imprisonment of any person or seizure, garnishment, attachment, or sale of any property or wages of any person. 15 U.S.C. § 1692e(4). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

37. A debt collector may not threaten to take erroneous legal action or threaten legal action without intent to follow through. 15 U.S.C. § 1692e(5). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

38. A debt collector may not use false representations or deceptive means,

CLASS ACTION COMPLAINT
-10-

in connection with the collection of any debt. 15 U.S.C. §1692e(10). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

39. As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

A. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

B. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to 15 U.S.C. § 1692k;

C. For actual damages according to proof;

D. For reasonable attorneys' fees and costs of suit;

E. For prejudgment interest at the legal rate; and

F. For such further relief as this Court deems necessary, just, and proper.

## COUNT II: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.

**(By Plaintiff and The Class)**

40. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

41. Cal. Civ. Code §1788.17 mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. 1692 et seq.

42. Based upon the foregoing, Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

   a) Engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt (15 U.S.C. § 1692d);

   b) Falsely representing the character or legal status in connection with collection of a debt (15 U.S.C. § 1692e(2)(A));

   c) Falsely representing any services rendered or compensation which may be lawfully received by any debt collector for collection on a debt (15 U.S.C. § 1692e(2)(B));

CLASS ACTION COMPLAINT
-12-

    d) Representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector intends to follow through (15 U.S.C. § 1692e(4));

    e) Threatening to take any action that they cannot legally take or that they have no intent on taking (15 U.S.C. § 1692e(5)); and

    f) Engaging in the use of any false or deceptive representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (15 U.S.C. § 1692e(10)).

43. Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

44. As a direct and proximate result of Defendant's violations of RFDCPA, Plaintiff and the members of The Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30.

45. The violations of RFDCA described herein present a continuing threat

to members of The Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

A. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

B. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to 15 U.S.C. § 1692k;

C. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to Cal. Civ. Code § 1788.30;

D. For actual damages according to proof;

E. For reasonable attorneys' fees and costs of suit;

F. For prejudgment interest at the legal rate; and

G. For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

46. Plaintiff, pursuant to their rights under the Seventh Amendment to the United States Constitution, demands a trial by jury of each and every claim so triable.

Respectfully submitted,

Dated: April 24, 2017

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

 /s/Todd M. Friedman
Todd M. Friedman
Attorneys for Plaintiff,
ERIKA PETERSON